Dear Honorable Winn,
The Attorney General has received your request for an official opinion asking, in effect:
 1. Does an unlawful conflict of interest arise where a bank loans money to a public trust when the vice-president of the bank is the father-in-law of a member of the Board of Trustees?
 2. Does an unlawful conflict of interest arise where a contract is entered into between a municipality and a bank (for other than depository services) when the president of the bank is the father-in-law of a member of the city council?
 3. Does an unlawful conflict of interest arise where a city council approves the issuance of revenue bonds of a public trust when the president of the bank acting as the registrar/paying agent on the bond issue is the father-in-law of a member of the city council?
 I
Your first question about conflicts of interest of public trustees involves the analysis of both statutes and the Constitution. Article X, Section 11 of the Oklahoma Constitution provides as follows:
 "The receiving, directly or indirectly, by any officer of the State or of any county, city, or town, or member or officer of the Legislature, of any interest, profit, or perquisites, arising from the use or loan of public funds in his hands, or moneys to be raised through his agency for State, city, town, district or county purposes shall be deemed a felony."
Trustees of public trusts are considered to be public officials. Stateex rel. Cartwright v. Oklahoma Industries Authority, 629 P.2d 1244
(Okla. 1981). Trustees of public trusts are subject to the provisions of Okla. Const. Article X, Section 11. A.G. Opin. No. 80-145 (August 7, 1980). Article X, Section 11 prohibits such public officers from receiving a direct or indirect profit from the use of public funds. It also prohibits the officer from receiving pecuniary interests arising from the loan or use of public funds. It is the officer himself who must receive the direct or indirect profit or interest. The type of interest subject to the prohibition is a private or personal interest of a financial or pecuniary nature. A.G. Opin. No. 79-267 (September 28, 1979). See also, Baskin v. State ex rel. Short, 232 P.388 (Okla. 1925);Mackey v. Crump, 153 P.1128 (Okla. 1915).
Without question a bank receives a profit from loaning out money and collecting interest. The bank stockholders and potentially the officers and employees of the bank itself may also profit directly or indirectly from such loans. While it is theoretically possible that an individual could profit or be interested in the financial gain of one's father-in-law, the existence of such a family relationship does not, in and of itself, establish such interest. The bank loan to the public trust as outlined in your opinion request would only be improper if a member of the Board of Trustees would directly or indirectly profit from said loan or if he or she had a direct or indirect interest in the loan transaction pursuant to Okla. Const. Article X, Section 11. Whether such profit or interest exists is a question of fact.
Title 21 O.S. 344 (1981) provides as follows:
 "Every public officer, being authorized to sell or lease any property, or make any contract in his official capacity, who voluntarily becomes interested individually in such sale, lease or contract, directly or indirectly, is guilty of a misdemeanor."
The language of this statute is not appreciably different than the constitutional language quoted above. To be in violation of this statute would require some direct or indirect pecuniary interest in the transaction. Whether such interest exists is also a question of fact.
There is also a specific conflict of interest statute for public trustees. 60 O.S. 178.8 (1981). This statute provides in part:
 "A conflict of interest shall be deemed to exist in any contractual relationship in which a trustee of a public trust, or any for profit firm or corporation in which such trustee or any member of his or her immediate family is an officer, partner, principal stockholder, shall directly or indirectly buy or sell goods or services to, or otherwise contract with such trust."
This statute affects the financial interest of some family members as well as the trustees themselves. It is limited, however, to the trustee's "immediate family." The Wisconsin Supreme Court defined this term inLewandowski v. Preferred Risk Mutual Insurance Co., 146 N.W.2d 505 (Wis. 1966). The Court held:
 " `Immediate family' commonly is understood to mean persons who are related by blood, adoption or marriage and are living together in the same household unit." 146 N.W.2d at 507.
In that case a person's married sister living in a different household was held not to be a part of that person's "immediate family." See also, A.G. Opin. No. 81-070 (May 18, 1981). The interest of a father-in-law would not violate 60 O.S. 178.8 (1981) unless the trustee and father-in-law were living together in the same household unit. Whether a person is a part of a public trustee's immediate family is, therefore, a question of fact.
 II
Your second question involves city contracts with family members of members of the city council. Article X, Section 11 of the Oklahoma Constitution is also applicable to this factual situation and whether a sufficient direct or indirect pecuniary interest exists is a question of fact. The same would hold true for a conflict of interest analysis pursuant to 21 O.S. 344 (1981).
Title 21 O.S. 355 (1981) provides as follows:
 "It shall be unlawful for any member of any . . . city council . . . to furnish, for a consideration any material or supplies for the use of said . . . city. . . ."
Section 21 O.S. 355 seems to require a more direct interest in a contract before the prohibition arises. Whether such a direct pecuniary interest exists, however, is also a question of fact. The prohibitions of 355 are not automatically triggered simply because a family relationship exists between a member of the city council and a person or company which contracts with the city.
Title 62 O.S. 371 (1981) provides as follows:
 "No . . . city council . . . in this state shall make any contract with any of its members, or in which any of its members shall be directly or indirectly interested; and all contracts made in violation of this section shall be wholly void."
This section also does not prohibit all contracts between a city and family members of a member of the city council. The member of the city council must be directly or indirectly interested in the contract itself. A previous Attorney General ruled that 62 O.S. 371 (1981) and 21O.S. 344 (1981) did not prohibit a municipality from purchasing real property from the brother of a member of the city council unless the city council member was directly or indirectly interested in the contract. A.G. Opin. No. 79-267 (September 28, 1979). Whether such an interest exists is a question of fact.
If a city were a charter city under the Constitution and laws of Oklahoma, such city may have charter provisions concerning conflicts of interest. State statutes and the Constitution itself would control overless restrictive charter provisions of a municipality. A.G. Opin. No. 78-285 (December 28, 1978). The charter or ordinances of a municipality may contain more stringent conflict-of-interest provisions than State laws. A.G. Opin. No. 79-267, supra.
 III
Your final question deals with the situation where a city council votes to approve or disapprove the issuance of revenue bonds by a public trust when the municipality is a beneficiary of that trust. By statute a public trust with a municipality as its beneficiary may not create an indebtedness without the approval of two-thirds of the governing body of the municipality. 60 O.S. 176(d) (1981). In the factual situation presented by your opinion, the father-in-law of a city councilman is an officer of a bank which acts as the registrar/paying agent on the bond issue of the public trust.
In the typical revenue bond issue of a public trust, the contract with a bank acting as a registrar/paying agent is between the bank and the public trust and the municipality is not a party to the contract. The mere fact that the city council must approve any debt created by the public trust does not mean that the city council takes action on every other contract entered into by the public trust for the issuance of the bonds. The provisions of Okla. Const. Article X, Section 11 would only apply to a member of the city council where the funds of the city itself were involved in the transaction or were raised through the city. The public trust and the city are separate legal entities and the funds of one of those entities are not funds of the other entity. Title 21 O.S. 344
(1981) would not come into play since the contract is with the public trust and not with the city. The same would hold true under 21 O.S. 355
(1981) and 62 O.S. 371 (1981).
It is, therefore, the official opinion of the Attorney Generalthat:
 1. Whether an unlawful conflict of interest arises where a bank loans money to a public trust when the vice-president of the bank is the father-in-law of a member of the Board of Trustees of the public trust, pursuant to Okla. Const. Article X, Section 11 and 21 O.S. 344 (1981), is a question of fact dependent on the existence of an indirect or direct interest or indirect or direct profit in the transaction on the part of the public trustee. The interest must be of a financial or pecuniary nature. For the conflict to arise under 60 O.S. 178.8 (1981) the public trustee's father-in-law would have to be a member of the "immediate family," i.e., a member of the same household, the determination of which is also a question of fact.
 2. Whether an unlawful conflict of interest arises where a contract is entered into between a municipality and a bank where the president of the bank is the father-in-law of a member of the city council, pursuant to Okla. Const. Article X, Section 11, 21 O.S. 344 (1981) and 62 O.S. 371 (1981) depends on whether the city council member has a direct or indirect pecuniary interest in the transaction or direct or indirect profit in the transaction, the determination of which is a question of fact. The interest must be of a financial or pecuniary nature. Title 21 O.S. 355 (1981) would require a direct pecuniary interest in the transaction for a conflict to exist, the determination of which is also a question of fact.
 3. No unlawful conflict of interest arises under Okla. Const. Article X, Section 11 or 62 O.S. 371 (1981) when a city council approves the issuance of revenue bonds of a public trust and the president of the bank which is acting as the registrar/paying agent on the bond issue is the father-in-law of a member of the city council, since this contract is with the public trust and not the city council.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER, ASSISTANT ATTORNEY GENERAL